IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHARING SERVICES GLOBAL CORPORATION, ELEVACITY HOLDINGS, LLC, ELEVACITY U.S., LLC, ELEPRENEURS HOLDINGS, LLC, and ELEPRENEURS U.S., LLC, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. _____ |
| ROBERT OBLON, | § § § | |
| Defendant. | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Sharing Services Global Corporation, Elevacity Holdings, LLC, Elevacity U.S., LLC, Elepreneurs Holdings, LLC, and Elepreneurs U.S., LLC (collectively "Plaintiffs") file their Original Complaint against Defendant Robert Oblon ("Defendant"), as follows:

**Introduction**

1. Plaintiffs own, market and sell various products and services in the health, wellness and happiness commerce space throughout North America and certain foreign countries.

2. Plaintiffs and Defendant were parties to a lawsuit previously pending before the 366th Judicial District Court, Collin County, Texas, in a matter styled *Sharing Services Global Corporation, et. al. v. Oblon*, Cause Number 366-04941-2019 (the "State Court Lawsuit").

3. Effective February 28, 2020, Plaintiffs and Defendant (and others) settled various disputes between them related to the State Court Lawsuit and entered into a Multi-Party Settlement Agreement ("MPSA"), a true and correct copy of which is attached hereto as Exhibit "A."

4.  Defendant has since breached the MPSA.  Pursuant to the terms of the MPSA, Plaintiffs have initiated an original arbitration proceeding to adjudicate Plaintiffs' substantive claims against Defendant.[1]  Notwithstanding, the MPSA specifically provides that Plaintiffs shall be entitled to pursue injunctive relief from a court of competent jurisdiction in addition to any relief sought in the arbitration proceeding.

5.  Accordingly, Plaintiffs file their Original Complaint setting forth their respective causes of action against Defendant as the grounds for the requested injunctive relief which Plaintiffs are seeking from this Court.

## Parties and Venue

6.  Plaintiff Sharing Services Global Corporation, f/k/a Sharing Services, Inc. is a Nevada corporation with its principal office in Plano, Collin County, Texas.  Plaintiff Sharing Services Global Corporation, f/k/a Sharing Services, Inc. is a citizen of the States of Nevada and Texas.

7.  Plaintiff Elevacity Holdings, LLC is a Texas limited liability company wholly owned by Plaintiff Sharing Services Global Corporation with its principal office in Plano, Collin County, Texas.  Plaintiff Elevacity Holdings, LLC is a citizen of the States of Nevada and Texas.

8.  Plaintiff Elevacity U.S., LLC is a Texas limited liability company wholly owned by Plaintiff Elevacity Holdings, LLC with its principal office in Plano, Collin County, Texas. Plaintiff Elevacity U.S., LLC is a citizen of the State of Texas.

9.  Plaintiff Elepreneurs Holdings, LLC is a Texas limited liability company wholly owned by Plaintiff Sharing Services Global Corporation with its principal office in Plano, Collin County, Texas.  Plaintiff Elepreneurs Holdings, LLC is a citizen of the States of Nevada and Texas.

---

1   The arbitration proceeding was filed on December 30, 2020.  It is styled *Sharing Services Global Corporation, et. al. v. Oblon*, AAA Ref. No. 01-20-0019-3907, before the American Arbitration Association, Dallas, Texas Office.

**PLAINTIFFS' ORIGINAL COMPLAINT – Page 2**

10. Plaintiff Elepreneurs U.S., LLC is a Texas limited liability company wholly owned by Plaintiff Elepreneurs Holdings, LLC with its principal office in Plano, Collin County, Texas. Plaintiffs Elepreneurs U.S., LLC is a citizen of the State of Texas.

11. Defendant Robert Oblon is an individual resident of the State of Indiana whose address is 480 South Peterman Road, Greenwood, Indiana 46142. Defendant is a citizen of the State of Indiana.

12. This Court has original jurisdiction over this proceeding pursuant to Title 28 United States Code Section 1332 because the amount in controversy exceeds $75,000 (exclusive of interest and costs) and Plaintiffs and Defendant are citizens of different states.

13. Venue is proper in this Court pursuant to Title 28 United States Code Section 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

**Factual Allegations**

14. As noted above, Plaintiffs and Defendant previously settled various claims by and between them in conjunction with the State Court Lawsuit which resulted in the execution by Plaintiffs and Defendant of the MPSA attached hereto as Exhibit "A."

15. Among other things, the MPSA provides that in return for substantial cash consideration and other consideration paid to Defendant, Defendant agreed to:

  A. **Not solicit** Plaintiffs' board members, managers, governance officials, Officers, employees, consultants, advisors, independent contractors, distributors or stock holders to engage in business ventures, some of which have been utilized by Defendant to wrongfully compete with Plaintiffs. (MPSA, Article IV, § 4.1(g));

  B. **Not compete** for a time period of twelve (12) months commencing on the MPSA Effective Date with the Plaintiffs' product lines, including but not limited to coffee,

tea, cocoa and nootropic products, in the United States and certain designated foreign countries, with the exception of Keto, CBD, skin care and acai berry products. (MPSA, Article V);

C. **Not contact, solicit, call on, interfere with, accept any business from, attempt to divert or entice away** for a time period of twelve (12) months commencing on the MPSA Effective Date any of Plaintiffs' customers, employees, suppliers, distributors or vendors. (MPSA, Article VI, § 6.1);

D. **Not solicit** by taking the initial steps to induce or influence for a time period of eighteen (18) months commencing on the MPSA Effective Date any of Plaintiffs' employees, contractors, or distributors. (MPSA, Article VI, § 6.2);

E. **Not disclose** any of Plaintiffs' confidential information. (MPSA, Article VII);

F. **Not communicate with any person or entity** regarding Plaintiffs' presently pending or future (prospective) funding arrangements, including any investments of Plaintiffs (MPSA, Article IV § 4.1 (e));

G. **Not comment** on Plaintiffs' related matters or business operations of Plaintiffs via any social media platform without the prior written approval of Plaintiffs (MPSA, Article IV § 4.1 (f)); and

H. **Not say, publish or do any act or thing that disparages or casts in an unfavorable light** Plaintiffs or their respective Officers, Directors, employees, contractors, distributors, agents, vendors or other representatives (MPSA, Article IV § 4.1 (i)).

16. Defendant breached the MPSA, by among other things:

A. **Soliciting** Plaintiffs' employee, former CFO and current Interim CFO, Frank "Al" Walters to cause the formation of several related business ventures, which the

       Defendant is using to wrongfully compete, namely Amplifeiintl, LLC d/b/a Hapinss, Amplified Concrete, LLC, HAPInssBrands, LLC, HAPInss Warrors [*sic*], LLC, Amplified Insurance Services, LLC, VitaLu Nutrition, LLC, and Amplified Limousines, LLC;

B.   **<u>Competing</u>** with Plaintiffs by: (i) marketing and selling a nootropic product, under the product name "HapiCaps", through an entity owned and/or controlled by Defendant, Amplifeiintl, LLC d/b/a Hapinss in contravention of the MPSA and (ii) marketing and promotion of the launch of a "new" product by Defendant's current venture Amplifeiintl, LLC, as advertised on Defendant's Facebook page as the "Original Coffee" and by making false claims to various third parties in person and on social media regarding having exclusive rights to the formulation of a coffee product sold by Plaintiffs (under the name Elevate Smart Coffee). These statements and any inferences by Defendant regarding the "Original Coffee" are in contravention of the fact that Plaintiffs have the exclusive rights to such product by virtue of the terms of a written manufacturing agreement with Alternative Laboratories, LLC;

C.   **<u>Contacting, soliciting and calling on</u>** Plaintiffs' supplier and product manufacturer, Alternative Laboratories;

D.   **<u>Soliciting</u>** Plaintiffs' employees, contractors, or distributors, including without limitation Frank "Al" Walters, Lori Ann Benson, Andrea Althaus, Lindsey Buboltz, Anthony and Kelly Freeman, and other persons who were Distributors under a written agreement with Plaintiffs. The names of such persons and the nature of the wrongful conduct in violation of the non-solicitation restrictions in the MPSA will be provided as part of the arbitration proceeding;

E. **Disclosing** Plaintiffs' confidential information concerning the ingredients and formulation of Claimant's Elevate Max+ capsule products to a third party manufacturer in furtherance of Defendant's non-compete violations; and

F. **Disparaging** Plaintiffs by: (i) claiming, wrongfully, that he (or his company) is the sole owner of the rights to sell a coffee product containing the "Original" formula of Plaintiffs Elevate Smart Coffee product, (ii) engaging in communications with third parties (including at least one vendor relationship) to the effect that Plaintiffs are in financial peril and that its operations are in turmoil, leading to the prospect of the cessation of Plaintiffs' business, and (iii) encouraging others to engage in the dissemination of communications to the effect that Plaintiffs are in financial peril and that Plaintiffs' operations are in turmoil, leading to the prospect of the cessation of Plaintiffs' business, all with the intended purpose and effect of luring Plaintiffs' Distributors away from Plaintiffs and to joint Defendant's business ventures.

17. Section 3.6 of the MPSA provides that any dispute under the MPSA will be resolved via arbitration; accordingly, Plaintiffs commenced the above-referenced arbitration proceeding seeking an adjudication of its legal claims against Defendant.

18. Notwithstanding the arbitration provisions of the MPSA, the MPSA also provides the following with regard to Plaintiffs' rights to seek injunctive relief from any court of competent jurisdiction:

> *Section 10.1(iii):  a Party will be entitled to legal relief in the event of the violation of the terms of this Agreement by a Party (including but not limited to injunctive relief, both ex parte or otherwise);*
>
> *Section 10.3  INJUNCTIVE RELIEF.*
>
> *10.3.1  General Rights.  Notwithstanding the provisions of Section 3.6 and the Parties' obligation to arbitrate disputes arising under this Agreement, in the event of a breach or threatened breach by a Party of the provisions of this Agreement, the other Parties shall be*

> *entitled to injunctive relief from a court (including, but not limited to, a temporary restraining order) restraining such party from breaching the conduct.*
>
> *10.3.2   Breaching Party Consent. Such breaching Party hereby consents to the non-breaching Parties right to seek immediate injunctive relief (including but not limited to a temporary restraining order) (provided that such relief is not inconsistent with the terms of this Agreement) sought by the non-breaching Parties in connection with the assertion of the breach of this Agreement without necessity of a bond.*

19. Accordingly, in addition to the relief available to Plaintiffs in conjunction with the arbitration proceeding, Plaintiffs are also entitled to injunctive relief from this Court enjoining Defendant, and those in active concert or participation with Defendant, from engaging in certain acts as more fully set forth and requested in Plaintiffs' Motion for Injunctive Relief to be filed in conjunction with this Complaint.

## Breach of Contract

20. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 19, inclusive as if set forth herein in full.

21. The MPSA is a valid, binding contract between Plaintiffs and Defendant. Plaintiffs performed under the MPSA and Defendant breached the MPSA.

22. As a result of Defendant's breaches of contract, Plaintiffs have been damaged in an amount of not less than $1,000,000.

## Injunctive Relief

23. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 22, inclusive as if set forth herein in full.

24. Pursuant to Rule 65 of Federal Rules of Civil Procedure, as well as the terms of the MPSA specifically permitting Plaintiffs to obtain injunctive relief from a court in addition to seeking any and all other remedies available to them (in the arbitration proceeding or otherwise),

Plaintiffs seek a temporary restraining order, and thereafter a preliminary injunction and permanent injunction, therein enjoining Defendant, and those in active concert or participation with him, from engaging in certain conduct in violation of the terms of the MPSA.

25. Pursuant to Eastern District Local Rule CV-65, Plaintiffs will be filing a Motion for Injunctive Relief, including a temporary restraining order in an instrument separate from this Complaint which shall include the specific grounds for the injunctive relief requested by Plaintiffs.

### Attorneys' Fees

26. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

27. Plaintiffs have hired the law firm of Jones, Davis & Jackson, PC to represent them in this matter and have agreed to pay such attorneys a reasonable and necessary fee for their services. Pursuant to the terms of the MPSA and applicable law, Plaintiffs are entitled to recover from Defendant their reasonable and necessary attorneys' fees.

WHEREFORE, PREMISES CONSIDERED Plaintiffs Sharing Services Global Corporation, Elevacity Holdings, LLC, Elevacity U.S., LLC, Elepreneurs Holdings, LLC, and Elepreneurs U.S., LLC pray that Defendant Robert Oblon be summoned to appear and answer herein and that upon final hearing, Plaintiffs have judgment against Defendant, as follows

1. for actual, consequential, incidental and exemplary damages, as appropriate and not inconsistent with Plaintiffs' rights and remedies in the arbitration proceeding;

2. for a temporary restraining order, preliminary injunction and permanent injunction as provided in a Motion for Injunctive Relief to be filed by the Plaintiffs;

3. for prejudgment interest, if applicable, at the highest lawful rate;

4. for reasonable and necessary attorneys' fees;

5. for costs of court;

6. for post-judgment interest on the above sums at the highest lawful rate; and

7.  for such other and further relief to which Plaintiffs may be justly entitled.

                      Respectfully submitted,

                      /s/ Matthew K. Davis
Matthew K. Davis
State Bar No. 05526000
E-mail: mdavis@jonesdavis.com
Designated Lead Attorney

JONES, DAVIS & JACKSON, PC
15110 Dallas Parkway, Suite 300
Dallas, Texas 75248
Telephone:   (972) 733-3117
Fax:               (972) 733-3119

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

Scott R. Meyer
State Bar No. 24051046
E-mail: smeyer@jonesdavis.com

JONES, DAVIS & JACKSON, PC
15110 Dallas Parkway, Suite 300
Dallas, Texas 75248
Telephone:   (972) 733-3117
Fax:               (972) 733-3119

ATTORNEYS FOR PLAINTIFFS